IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No.  09-cv-03002-PAB

THE RYAN FAMILY TRUST,

        Plaintiff,

v.

JAMES E. PRESTON,

        Defendant.

_____

### ORDER REMANDING CASE TO STATE COURT
_____

The Court takes up this matter on defendants notice of removal ("Notice")

[Docket No. 1].  The Notice claims that the Court has jurisdiction over this case based

on diversity of citizenship pursuant to 28 U.S.C. § 1332.  *See* Notice at 2, ¶ 4.  The

Notice further alleges that the "Plaintiff is a California Trust with its principal place of

business in California," the "Defendant is not a resident of California," and the "amount

in controversy exceeds $75,000.00."  *Id.*

A party may remove "any civil action brought in a State court of which the district

courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Relevant to

the present case, "[t]he district courts shall have original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C.

1332(a).

It is well established that "[t]he party invoking federal jurisdiction bears the

burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). If at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Where a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin*, 251 F.3d at 1290; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction.").

"Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin*, 50 F.3d at 873. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin*, 251 F.3d at 1290 (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by a preponderance of the evidence. *Martin*, 251 F.3d at 1290. Here, plaintiff's state court petition states that "Plaintiffs are entitled to awards of one thousand dollars or their actual damages, whichever is greater for

each spurious document recorded."  Ex. 1 to Notice [Docket No. 1-2], State Ct. Pet. at

4, ¶ 19.  The petition asserts that there were two spurious documents recorded.[1]

Because these allegations fail to establish a sufficient amount in controversy, I

look to the notice of removal to determine if defendant has "affirmatively established"

the amount in controversy there.  *Laughlin*, 50 F.3d at 873.  The notice of removal

contains no factual averments regarding the amount in controversy save for the bare

assertion that "the amount in controversy exceeds $75,000.00."  Notice at 2, ¶ 4.

Removal, however, cannot be based on conclusory allegations.  *Allen v. R & H Oil &*

*Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Furthermore, the citizenship averments in the notice of removal are inadequate.

For diversity purposes, "a corporation shall be deemed to be a citizen of any State by

which it has been incorporated and of the State where it has its principal place of

business."  28 U.S.C. § 1332(c)(1) (2006); *see Carden v. Arkoma Assocs.*, 494 U.S.

185, 196 (1990).  These considerations are irrelevant, however, to the determination of

a trust's citizenship.  When trustees sue on behalf of a trust and are found to be "real

parties to the controversy," *Navarro Saving Assoc. v. Lee*, 446 U.S. 458, 465 (1980),

the trustees' citizenship is determinative when assessing diversity jurisdiction.  *Lenon v.*

*St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369-71 (10th Cir. 1998).  Where, as here,

the trust itself is the named party, there is authority for the proposition that the

citizenship of the beneficiaries becomes relevant.  *See San Juan Basin Royalty Trust v.*

---

[1]In a proposed order filed in state court, plaintiff asked for an award of "$1,000 in damages for each spurious document that was recorded, for a total of $2,000 . . . ."  Ex. 1 to Notice, Proposed Order at 2, ¶ 4.

*Burlington Resources Oil & Gas, Co., L.P.*, 588 F. Supp. 2d 1274, 1280 (D.N.M. 2008) ("When suit is brought by a trust in its own name, the Court finds that the trust takes on the citizenship of its beneficiaries.  To the extent there is a circuit split on this issue, the Court believes that the Tenth Circuit's decision in *Lenon* provides clear guidance as to which way the Tenth Circuit would come down."); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 191 (1990) (distinguishing *Navarro* because it "did not involve the question whether a party that is an artificial entity other than a corporation can be considered a 'citizen' of a State, but the quite separate question whether parties that were undoubted 'citizens' (viz., natural persons) were the real parties to the controversy"); *Lenon*, 136 F.3d at 1371 ("Were the ERISA plans here the named plaintiffs, St. Paul's reliance on *Carden* might be justified.").

Here, defendant has failed to provide sufficient information regarding the citizenship of either the trustees or beneficiaries in his Notice, which simply provides that "Plaintiff is a California Trust with its principal place of business in California." Notice at 2, ¶ 4.  The Notice provides no allegations regarding the trustees' and beneficiaries' citizenship.[2]

The Notice further provides that "Defendant is not a *resident* of California." *Id.* (emphasis added).  However, a natural person is a citizen of the state in which he or she is domiciled, not necessarily where he or she resides.  *See Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a

---

[2]In a motion to dismiss filed in state court the same day he removed this action, defendant contends that the actual trustees are citizens of Colorado.  *See* Ex. 2 to Supplement to Notice [Docket No. 3-3] at 1, ¶ 1.

person must be physically present in the state and intend to remain there."  *Id.* at 1260.

Defendant has not accounted properly for his own citizenship.

Therefore, it is

**ORDERED** that pursuant to 28 U.S.C. § 1447(c) and due to this Court's lack of

subject-matter jurisdiction, this case is REMANDED to the District Court for Montezuma

County, Colorado, where it was originally filed as Case No. 09-CV-0202.

DATED December 31, 2009.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge